# Kosciusko Oil Mill & Fertilizer Company *v.* Jackson, Appellant.

*Contract—Sale—Sample—Affidavit of defense—Practice, C. P.*

In an action to recover for goods purchased by an agent known to be such by the defendant, an affidavit of defense is sufficient which avers that the agent was authorized to purchase goods of a certain grade only, that on being informed that a purchase had been made, defendant requested samples, that the samples were up to grade, but that one-fourth of the goods first delivered were not up to grade and were returned, and that subsequent shipments were rejected.

Argued Oct. 8, 1908. Appeal, No. 229, Oct. T., 1907, by defendant, from order of C. P. No. 4, Phila. Co., June T., 1906, No. 1,975, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Kosciusko Oil Mill & Fertilizer Co. v. Ellis Jackson, trading as Ellis Jackson & Co. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*John Weaver,* with him *Frederick S. Drake,* for appellant.— The law of Mississippi in regard to sales of this kind is perfectly clear.

It was held in Kinley v. Fitzpatrick, 4 Howard (Miss.), 59, that no particular form of words is necessary to make a warranty of quality, and an express affirmation as to the quality of the thing sold is sufficient.

When the sale is by sample, the law implies a warranty that the goods sold shall correspond with the sample: Otts v. Alderson, 10 S. & M. (Miss.) 476.

The law of Pennsylvania is as strong, if not stronger than the law of Mississippi on this point: Otts v. Alderson, 10 S. & M. 476; Hoffman v. Burr, 155 Pa. 218; Tete Bros. v. Eshler, 11 Pa. Superior Ct. 224; Morse, Williams & Co. v. Arnfield & Son, 15 Pa. Superior Ct. 140.

*Benjamin Alexander,* with him *Arthur F. Schneider,* for appellee, cited: Grasselli Chemical Co. v. Purchasing Co., 22 Pa. Superior Ct. 426; Williams v. Sawyers, 155 Pa. 129; Worth v. Ellis, 4 Del. Co. Rep. 336; Fisher v. Kuhn, 54 Miss. 480; Jelks v. Barrett, 52 Miss. 315.

OPINION BY ORLADY, J., February 26, 1909:

This action of assumpsit was brought to recover a balance of $1,153.63, with interest on an alleged contract in writing as follows:—

"KOSCIUSKO, MISS., October 4, 1904.

"Bought of Kosciusko Oil Mill and Fertilizer Company, Two hundred and Fifty bales (250) of linters mill run to be shipped in 25 bale lots of produce to Ellis Jackson & Company, Philadelphia, sight Draft. B/L attached on Ellis Jackson & Co., at 4½c., f. o. b. Kosciusko.

"[Sig.]  W. D. HURLBUTT."

The plaintiffs then wrote to the defendants as follows: "October 6, 1904, We beg to advise you that we have sold to Mr. W. D. Hurlbutt, 250 bales of our linters, and he has instructed that we ship same to you in 25 bale lots, as fast as made, sight Draft and B/L attached, at the price of 4½c. per lb. f. o. b. here. Please confirm this in order that our files may be complete;" to which the defendants replied as follows: "October 8th, 1904, Gentlemen:—We ask that you send us at once a sample of the linters just contracted from you by Mr. Hurlbutt. He wrote us he has bought about 250 bales and we would like to see samples of what the stock will be."

The facts averred in the affidavit of defense are substantially that Hurlbutt was authorized by the defendants to make a contract only for the purchase of a product of a quality known as No. 1 linters, and for this reason they insisted that a sample should be submitted to them, before they would confirm the purchase, as made by Hurlbutt, and in response to that request they received, about October 28, 1904, samples which were equal in grade and quality to the kind prescribed; seventy-five bales of linters were shipped to the defendants, which on examination were condemned, as not being equal to No. 1 linters, and did not correspond and were not equal to the samples furnished by the plaintiff company to the defendant, by reason of their containing a large quantity of cotton seed, dirt and dirty colored linters, and appeared to be what is known in the trade as false pack linters. The plaintiffs were promptly notified of

this alleged defect, and by letter of November 26, they replied: "We have considerable stock of linters on yard and have examined same on both sides, and we fail to find anything that will equal the sample sent us. The only inference we can draw is, that the night force must have thrown some moats into the bale from which you send us sample. The flue we had in use was in our opinion putting too much dust in the linters and affecting the color . . . . and ask that you kindly furnish us immediately some instructions for the balance of our contract with you." The defendants then replied under date of December 1, 1904: "As previously stated to you, we sold some of these goods at a loss, and both lots have been returned to us rejected on account of the seed and other poor stock in the bales. . . . We much prefer to ship the goods back to you, and then you can see for yourself what we are complaining about."

Further shipments were sent and were not accepted by the defendants, and they were subsequently sold by the plaintiffs, the resultant price being credited to the account, so as to leave the balance as called for in this action. The court below made absolute a rule for judgment, for want of a sufficient affidavit of defense, without filing any opinion.

The entire correspondence is attached to the pleadings, and from this it is apparent that the authority of Hurlbutt was limited to the purchase of No. 1 linters, and that the plaintiffs desired confirmation of their original order before closing the contract, and also that the defendants insisted on a sample of the linters contracted for by Hurlbutt, to be certain that they were of the kind and quality desired by them. It is specifically averred that the linters furnished were not of the kind, quality or value of those contracted for, and it is difficult to see how a more specific denial could be stated. It is further averred that if the 250 bales of linters which were sold by the plaintiffs after the defendants had refused to accept them, had been of a quality equal to No. 1 linters as originally represented and warranted, they could have been sold in the open market at a profit of one cent per pound, and not at a loss. The plaintiffs knew that Hurlbutt was but an agent, and it must assume the burden of showing the extent of his right to bind his principal. This has

not been met in the plaintiffs' case, and is particularly denied in the affidavit of defense. We feel that the case is a proper one for a jury, the disputed question being of fact and not of law.

The judgment is reversed with a procedendo.